# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEVIN CASEY,**
        **Petitioner,**

    v.                                                 **Case No. 00-C-1095**

**MATTHEW FRANK,**
        **Respondent.**

## DECISION AND ORDER

On November 24, 2004, I conditionally granted petitioner Kevin Casey's application for a writ of habeas corpus, ordering that he "be released within 120 days of the date of this decision unless the state decides to retry him." (Decision [R. 73] at 36.) Respondent filed an appeal but on March 23, 2005 moved to voluntarily dismiss it, which request the Seventh Circuit Court of Appeals granted on March 28, 2005. The State of Wisconsin has decided to re-try petitioner, and he is currently free on bond awaiting trial in Outagamie County Circuit Court. Petitioner now moves under Fed. R. Civ. P. 60(b) to amend the judgment to prevent a re-trial, arguing that he was not released or re-tried within the time set by the court.[1] The motion is denied.

---

[1] Petitioner also argues that re-trial would violate his due process and double jeopardy rights, that the passage of time would make a re-trial unfair, and that he has been adequately punished already, but he fails to develop those arguments independently of his contention that the State violated the conditional order. Therefore, such arguments are waived, and I need not address them further. See Blise v. Antaramian, 409 F.3d 861, 866 (7th Cir. 2005) ("The failure to develop an argument constitutes a waiver."). Moreover, it is doubtful that I have jurisdiction to consider such arguments under Rule 60(b) because they constitute new claims for habeas relief. See Gonzalez v. Crosby, 125 S. Ct. 2641 (2005). Therefore, such arguments are, in the alternative, dismissed for lack of jurisdiction. However, respondent does not contend that I lack authority to consider petitioner's argument that the State failed to comply with the order; rather, he defends on the merits. I agree that I have jurisdiction to consider petitioner's argument that the State has breached the order

Petitioner contends that the State is barred from re-trying him because it did not meet the 120 day deadline set forth in the order. Respondent has shown otherwise. On the 119th day after the judgment was entered, the State made the decision to re-try petitioner, advised him of the same by personal service, and moved the Seventh Circuit to dismiss its appeal. On March 24, the 120th day, petitioner was transferred from a state prison to the Outagamie County Jail, and on March 28 he appeared in that court and was released on cash bail pending re-trial. Petitioner has remained free on bail since that time. While the Supreme Court has held that release on bail is a form of custody, see, e.g., Justices of Boston Municipal Court v. Lydon, 466 U.S. 294, 300 (1984), in the present case it does not violate my order because petitioner is no longer in custody on the judgment challenged in the habeas case and, under my order, petitioner's current custodial status is permissible incident to the decision to re-try petitioner.

Petitioner argues that because the Seventh Circuit did not grant the motion to dismiss the appeal until March 28, the state courts lacked jurisdiction to act (jurisdiction having been divested by the filing of the notice of appeal). Petitioner cites no authority for his contention that the State was precluded from complying with the conditional order based on the pendency of the appeal in federal court. The decision to re-try was made within the time allotted. In any event, even if the State was a few days tardy in complying with my order, this does not mean that petitioner must go free and further proceedings be enjoined. Habeas corpus is an equitable remedy, and district courts have discretion to delay release of a successful habeas petitioner to provide the State with an opportunity to correct the

---

because it does not constitute a new claim for habeas relief but rather an effort to enforce and/or modify/clarify the judgment.

constitutional violation. Gilmore v. Bertrand, 301 F.3d 581, 582-83 (7th Cir. 2002). "Logically, the equitable power of the district court in deciding a habeas corpus petition includes the ability to grant the state additional time beyond the period prescribed in a conditional writ to cure a constitutional deficiency." Id. at 583. In the present case, the constitutional violation was petitioner's receipt of ineffective assistance of counsel. The State may correct that deficiency by affording petitioner a new trial with new counsel. The State has taken steps to do that (the state public defender appointed new counsel on March 31, 2005), and petitioner presents no compelling reason for me to prevent a re-trial. See, e.g., Foster v. Lockhart, 9 F.3d 722, 727-28 (8th Cir. 1993) (allowing re-trial after conditional grant of writ based on ineffective assistance of counsel, even though state failed to re-try defendant within time specified).

Finally, petitioner has filed a motion for appointment of counsel. The Criminal Justice Act allows the district court to appoint counsel in habeas cases when the "interests of justice so require." 18 U.S.C. § 3006A(a)(2). In the present case, petitioner has shown that he is fully capable of litigating the issues presented (he prevailed on the merits in the initial habeas case pro se), and I see no reason why the interests of justice require appointment of counsel at this time.

**THEREFORE, IT IS ORDERED** that petitioner's motions to modify the judgement (Docket # 79) and for appointment of counsel (Docket # 86) are **DENIED**.

Dated at Milwaukee, Wisconsin this 21st day of July, 2005.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge