KEVIN CASEY,
        Petitioner,

v.                                                           Case No. 00-C-1095

MATTHEW FRANK,
        Respondent.

## DECISION AND ORDER

I conditionally granted petitioner Kevin Casey's application for a writ of habeas corpus and ordered that he be released within 120 days unless the state decided to retry him. Respondent filed an appeal but later voluntarily dismissed it after deciding that petitioner should be retried. Petitioner then filed a motion under Fed. R. Civ. P. 60(b) attempting to block a re-trial. He argued that the State had failed to timely comply with the conditional writ and that the State courts lacked jurisdiction to act until the Seventh Circuit entered an order dismissing the appeal, which order came a few days after the 120-day period expired. I denied the motion and rejected a subsequent motion to reconsider. Petitioner has now filed a notice of appeal of that denial and a request for a certificate of appealabilty ("COA").

### I. COA STANDARD

When a habeas petitioner files a notice of appeal, the district court must consider whether to grant him a COA pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). This includes appeals from orders denying Rule 60(b) motions. See Eltayib v. United States, 294 F.3d 397, 399 (2d Cir. 2002).

The COA may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the court issues a COA it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. See 28 U.S.C. § 2253(c)(3).

When a district court dismisses a motion based on procedural grounds without reaching the underlying constitutional claims, a COA "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. Section 2253 mandates that both showings be made before a certificate of appealability is granted. See id. at 484-85; see also Eltayib, 294 F.3d at 399 (holding that a COA should issue in a case involving the denial of a Rule 60(b) motion only if the petitioner shows that (1) it is debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) it is debatable whether the underlying habeas petition states a valid claim of the denial of a constitutional right). Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 484.

## II.  DISCUSSION

Petitioner is not entitled to a COA.  First, he argues that the State did not meet the terms of the conditional writ.  As I stated in my Order denying his Rule 60(b) motion, the State made the decision to retry petitioner on the 119th day after the judgment was entered and advised him of the same by personal service.  There was no violation of the conditional order.[1]  Second, petitioner argues that the State has refused to release him from custody as required by the conditional order.  However, the order itself allowed the State to retry petitioner; he was not granted unconditional freedom.  Further, he is no longer in custody on the judgment challenged in his petition for a writ of habeas corpus.  Rather, he is free on bond on the re-issued charges.  Third, petitioner argues that the State lacked jurisdiction to retry him after the time specified in the original order lapsed.  Even if the time had lapsed, petitioner has cited no authority for his argument.  In his motion, he relied on cases holding that district courts lack jurisdiction to act when the case is on appeal; however, none of these cases held that a state court lacked authority to act when the case was on appeal in federal court.  Moreover, the order specifically contemplated that the state courts would be able to retry petitioner.  Finally, petitioner argues that the State never sought an extension of time to comply with the conditional order.  Because the State acted in time, no extension was necessary.

Reasonable jurists would not disagree with any of these determinations.  The customary remedy when a defendant is denied the effective assistance of counsel is a new

---

[1] Even if there was, habeas courts have the discretion to allow the State additional time to correct a constitutional violation.  See, e.g., Gilmore v. Bertrand, 301 F.3d 581, 582-83 (7th Cir. 2002); Foster v. Lockhart, 9 F.3d 722, 727-28 (8th Cir. 1993).

3

trial with a competent lawyer; the defendant does not receive an unconditional discharge. The State has given petitioner a new lawyer and scheduled a new trial. The State may retry petitioner, and petitioner's claim that I must block that re-trial does not deserve encouragement to proceed further.

### III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's request for a COA (Docket # 96) is **DENIED**.

Dated at Milwaukee, Wisconsin this 14th day of September, 2005.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge